**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

**TAMMIE COLEEN WILSON**                                             **PLAINTIFF**

**V.**                          **NO. 4:16CV00027 JLH/PSH**

**CAROLYN W. COLVIN,**
**Acting Commissioner,**
**Social Security Administration**                                   **DEFENDANT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.   You may file written objections to all or part of this Recommendation.  If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

**I.  Introduction:**

Plaintiff, Tammie Coleen Wilson, applied for disability insurance benefits on November 1, 2012.  (Tr. at 48).  After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application.  (Tr. at 58).   The Appeals Council denied Ms. Wilson's request for review.  (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Wilson has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

**II.  The Commissioner's Decision:**

The ALJ found that Ms. Wilson had not engaged in substantial gainful activity since the alleged onset date of April 15, 2012.  (Tr. at 50).  The ALJ found at Step Two that Ms. Wilson had

the following severe impairments: osteoarthritis, disorders of the back, high blood pressure ("HBP"), and obesity.  (Tr. at 51).  At Step Three, the ALJ determined that Ms. Wilson's impairment did not meet or equal a listed impairment.  *Id.*  Before proceeding to Step Four, the ALJ determined that Ms. Wilson had the residual functional capacity ("RFC") to perform light work except for the following limitation: 1) requires a sit/stand option at 1-hour intervals on a consistent basis throughout the course of the workday.  (Tr. at 52).  Next, the ALJ found that Ms. Wilson is capable of performing past relevant work as a medical transcriptionist.  (Tr. at 57).  Consequently, the ALJ found that Ms. Wilson was not disabled.  (Tr. at 58).

## III.  Discussion:

A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.  Ms. Wilson's Arguments on Appeal

Ms. Wilson argues that substantial evidence does not support the ALJ's decision to deny benefits.  She contends that the ALJ erred by: 1) failing to properly develop the record; 2) failing to consider evidence which detracted from his findings; 3) improperly assessing Ms. Wilson's credibility; 4) failing to give proper weight to the treating physician's opinion; and 5) assigning the improper RFC to Ms. Wilson.  Reviewing the entire record, the Court finds that the ALJ's determinations were supported by substantial evidence.

Ms. Wilson's arguments can be distilled to the weight given to the physicians, credibility and RFC.  The evidence from both Ms. Wilson's treating doctors and the state consultants provides an adequate basis to support the ALJ's decision.

Ms. Wilson saw her treating physician, Dr. Roxanne Marshall, from January 2011 through March 2013.  She diagnosed hypertension, lethargy with weight gain, hyperlipedemia, degenerative joint disease of the lumbar spine, radiculopathy down both legs, chest pain, migraine headaches, hyperthyroidism, anxiety, insomnia, dependent edema of the lower extremities, irritable bowel syndrome, morbid obesity, osteoarthritis in both knees and ankles, and a history of Grave's disease. (Tr. 809-914).  As Ms. Wilson does not make an argument that all of those ailments should be considered severe impairments, the Court will limit its discussion to osteoarthritis, HBP, disorders

3

of the back, and obesity (the impairments the ALJ found to be severe).

At various check-ups Ms. Wilson's HBP was not well controlled, and Dr. Marshall consistently prescribed HBP medication. Many times, Dr. Marshall recommended a low fat diet for weight loss, and counseled that her obesity was negatively impacting her HBP. (TR. at 810, 811, 813, 821). Over the relevant time period, Ms. Wilson did not lose weight. The failure to follow a prescribed treatment may be used to discredit subjective allegations. *Stone v. Harris*, 657 F.2d 210 (8th Cir. 1981); *Brown v. Heckler*, 767 F.2d 451 (8th Cir. 1985)). Nevertheless, in spite of Ms. Wilson's failure to follow doctor's orders, Dr. Marshall found that the HBP was under control on May 9, 2012 and March 1, 2013. (Tr. at 810, 815). Impairments that are controllable or amendable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). A pre-hysterectomy physical by Dr. Marshall also revealed she was healthy enough for surgery, and that her HBP was controlled by medication. (Tr. at 815). The Medical Source Statement completed by Dr. Marshall on January 31, 2013 limits Ms. Wilson to sitting for 4 hours a day and sitting or standing for 2 hours a day. (Tr. at 734-735). He indicates she would need to shift positions and would likely miss 1 day of work per month. The ALJ found this RFC was not entirely supported by the medical evidence, but he incorporated a sit/stand option into his RFC.

The ALJ considered the records from Dr. Jeremy Saul, M.D., which likewise indicated that Ms. Wilson's HBP was well-controlled and "benign." (Tr. at 1086, 1101). He did not address her other severe impairments. There is little medical evidence regarding the lumbar back disorder, and the state examiner found no imaging studies for the lumbar spine. (Tr. at 150). Moreover, Ms. Wilson does not argue that the ALJ failed to discuss, address, or consider her back pain in making his findings. As Ms. Wilson did not raise an argument about the back disorder, the Court need not

address that severe impairment.

Ms. Wilson did have a total left knee replacement on September 27, 2013, but Dr. Saul did not find any complications or limitations resulting from the surgery. Moreover, Ms. Wilson's RFC allowed for a sit/stand option, which is consistent with a prior knee surgery.

The ALJ considered the evidence of the state-agency physician, Dr. Ronald Crow, D.O. (148-150). Dr. Crow noted unremarkable x-rays of the knees, conservative treatment, and ability to perform a variety of ADL's. *Id*. He determined Ms. Wilson could perform light work with no additional restrictions. (Tr. at 150). This opinion evidence is consistent with the medical evidence as a whole; however, the ALJ assigned a more limited RFC by including a sit/stand option.

The ALJ considered Ms. Wilson's obesity, and found that it would have more than a minimal effect on Ms. Wilson's ability to perform work activities. He noted that it would limit Ms. Wilson's ability to sit/stand, which is reflected in the assigned RFC. The RFC was on the whole appropriate based on the evidence in the record, and the ALJ did not err in assigning the RFC and concluding Ms. Wilson could perform her past relevant work as a medical transcriptionist.

As for Ms. Wilson's credibility, the ALJ properly considered the *Polaski* factors in making his finding. The ALJ is required to consider the familiar *Polaski* factors in evaluating the credibility of the claimant's subjective complaints. 20 C.F.R. § 404.1529. Those factors are: (a) the claimant's work history; (b) the claimant's daily activities; (c) the duration, frequency and intensity of the pain; (d) precipitating and aggravating factors; (e) dosage, effectiveness and side effects of medication; (f) functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Another factor to be considered is the absence of objective medical evidence to support the complaints, although the ALJ may not discount a claimant's subjective complaints solely because they are unsupported

by objective medical evidence. *Mouser v. Astrue*, 545 F.3d 634, 638 (8th Cir. 2008).

Ms. Wilson indicated she could perform a variety of daily activities, including attending to her personal hygiene, caring for her mother and son, doing housework, running errands, shopping, driving, attending school functions, and socializing.  (Tr. at 56).  This detracts from her credibility. *Johnson v. Apfel*, 240 F.3d 1145, 1148-49 (8th Cir. 2001)(acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility).

Ms. Wilson's doctors repeatedly told her to quit smoking to improve her health conditions. She indicated she was unwilling to quit and she continued to smoke during the relevant period.  The ALJ properly considered both her failure to quit smoking and to lose weight when he evaluated credibility. *See Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997)(the ALJ correctly discounted claimant's credibility when claimant failed to stop smoking despite physician's orders); *see Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009)(encouragement to exercise constituted evidence in support of ALJ's findings)

The ALJ also considered that Ms. Wilson's HBP was amendable to treatment and that overall, her treatment was conservative.  She did not have extended hospital stays or surgery for her degenerative disc disease or osteoarthritis, and her physicians managed her medical conditions with medication.  The ALJ's evaluation of the *Polaski* factors in assessing credibility was proper.

## IV.  <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision that Ms. Wilson is not disabled.  The weight given to doctors and assessments of RFC and credibility was proper.  The decision, therefore, should be affirmed.  The case should be dismissed, with prejudice.

IT IS SO ORDERED this 26th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE